Filed 2/21/25  Elmore v. Conley CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CECIL ELMORE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>TED D. CONLEY et al.,<br><br>Defendants and Respondents. | B339503<br><br>(Los Angeles County<br>Super. Ct. No. 22STCV39872) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne Richardson, Judge.  Affirmed.

Cecil Elmore, in propria persona, for Plaintiff and Appellant.

Ray, Aloia & Conley, Burdick M. Ray, and Ted D. Conley for Defendants and Respondents.

_____

In August 2023, the trial court entered judgment against plaintiff and appellant Cecil Elmore in favor of defendants and respondents Ted D. Conley; Ray, Aloia & Conley, L.L.P.; Quinn Nguyen; Burdick M. Ray; Nicholas Aloia; Abbas Eftekhari, D.D.S.; and Eftekhari D.D.S., Inc.[1]  Three days later, respondents filed a memorandum of costs seeking $4,942.77; Elmore did not file a motion to strike or tax those costs.  In April 2024, the court entered an amended judgment providing that Elmore was to pay respondents $4,942.77 in costs.

On appeal, Elmore contends: (a) the trial court erred in entering the amended judgment at all; (b) neither Abbas Eftekhari, D.D.S. nor Quinn Nguyen should be awarded any sum against him; (c) the court should not have awarded costs for a court reporter; (d) the court and its clerk were biased against him; and (e) the court was guilty of unlawful collusion, corruption, racketeering, and moral turpitude.  We conclude Elmore's arguments are meritless and therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

In December 2022, Elmore filed a complaint; in February 2023, he filed a first amended complaint.  Neither complaint is in the appellate record but, according to a July 14, 2023 minute order, Elmore sued "Defendants Ted D. Conley, Ray, Aloia &

---

[1] According to respondents, Eftekhari was Elmore's dentist; Burdick M. Ray, Nicholas Aloia, Ted D. Conley, and Ray, Aloia & Conley, L.L.P. were the attorneys representing Eftekhari in a malpractice lawsuit Elmore filed; and Nguyen was the law firm's secretary.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

Conley, LLP, Burdick M. Ray, Nicholas Aloia, Doe 4 Abbas Eftekhari, D.D.S., Doe 5 Eftekhari D.D.S., Inc. . . . alleging claims of (1) General Negligence, (2) Intentional Tort, (3) General Negligence, and (4) Intentional Tort."[3]

According to that same minute order, "Defendants" filed an anti-SLAPP motion in June 2023. On July 10, Elmore filed an untimely opposition, which the court nevertheless considered. Neither the motion nor the opposition appears in the appellate record.

On July 13, 2023, Elmore filed three Requests for Court Reporter by Party with Fee Waiver for hearings on July 14, August 7, and August 17, 2023. The form request advised the filer that they should make their request "10 calendar days before any court date for which you want a reporter," that failure to do so could result in the court being "unable to provide a court reporter on the date requested," and that there would be no fee for the court reporter if the requester had a fee waiver.

On July 14, 2023, the court heard and granted the anti-SLAPP motion in its entirety.[4] The court found that the acts

---

[3] The appellate record discloses that, in May 2023, Elmore filed two amendments substituting Abbas Eftekhari for Doe 4 and Eftekhari, D.D.S., Inc. for Doe 5. The record also shows that, in June 2023, Elmore filed four Requests for Dismissal, asking to dismiss, without prejudice, defendants Quinn Nguyen; Armine Nazarian (sued as Doe 1); Richard Salazar (sued as Doe 2); and Javier Fletes (sued as Doe 3). The court clerk entered these dismissals.

[4] The minute order from the hearing shows that Certified Shorthand Reporter Jennifer Spee Fonseca was "appointed as an official Court reporter pro tempore" for the hearing. The
*(Fn. is continued on the next page.)*

3

Elmore alleged constituted protected activity because they "involve[d] written and oral statements made before the Court in LASC No. 22STCV00240," and that Elmore failed to demonstrate a probability of prevailing on any of his claims.

On August 7, 2023, the court entered judgment against Elmore in favor of Ted D. Conley, Ray, Aloia & Conley, LLP; Quinn Nguyen; Burdick M. Ray; Nicholas Aloia; Abbas Eftekhari, D.D.S., and Eftekhari D.D.S., Inc.; the judgment provided that these defendants "shall recover their costs as prevailing parties under C.C.P. § 1032, *et seq.*" The clerk served a Notice of Entry of Judgment on Elmore that same day. Elmore neither objected to nor appealed this judgment.

On August 10, 2023, respondents filed a memorandum of costs, requesting $4,942.77. The requested costs included $495 for "Court reporter fees as established by statute" for "Jennifer Spee." Nothing in the record indicates Elmore moved to strike or tax costs.

On September 13, 2023, Elmore filed a Request for Dismissal, asking to dismiss the "FIRST (1ST) AMENDED COMPLAINT - FILED ON FEBRUARY 24, 2023." That same day, the clerk checked the box next to "Dismissal entered as requested."

In November 2023, Conley filed a declaration with the court. Therein, he averred the following: On August 31, 2023—after the time for Elmore to move to strike or tax costs had expired—respondents submitted a "Proposed Amended Final Judgment which was amended so as to include the award of

---

transcript from the hearing is not included in the appellate record, and nothing in the record demonstrates Elmore objected to Fonseca's appointment.

litigation costs." While the court stamped the amended judgment as "received," it had yet to be entered. On November 13, 2023, he called the court clerk to ask why the amended judgment had not been entered, and the clerk advised him that the court "requested that Defendants submit a declaration from counsel stating why an amended judgment should be entered."

Nothing in the record demonstrates Elmore ever objected to or responded to either Conley's declaration or the proposed amended judgment.

On April 26, 2024, the trial court entered the amended judgment. The amended judgment provided that Elmore "shall pay costs of suit in the sum of $4,942.77 to Defendants TED D. CONLEY, RAY, ALOIA & CONLEY, LLP, QUINN NGUYEN, BURDICK M. RAY, NICHOLAS ALOIA, ABBAS EFTEKHARI, D.D.S., and EFTEKHARI D.D.S., INC." Three days later, the court clerk served a Notice of Entry of Judgment on Elmore. Elmore timely appealed the amended judgment.[5]

---

[5] Elmore's Notice of Appeal states that he is appealing "Plaintiff withdrawal of case prior to Court amended ju[d]gement filed 4/26/2024 and Notice of Entry of Judgement Amended file[d] 4/29/2024." Because there is no appeal from a "withdrawal of case" prior to the court entering judgment, or from a "Notice of Entry of Judgement" (see Code Civ. Proc., § 904.1), we construe Elmore's Notice of Appeal as an appeal from the amended judgment. We note that Elmore's Civil Case Information Statement states that, in addition to appealing the "NOTICE OF ENTRY OF JUDGMENT FILED 4/29/2024" he also claims to be appealing the "AMENDED FINAL JUDGMENT FILED 4/26/2024."

## DISCUSSION

Elmore appears to make the following arguments in his brief:

First, he contends the trial court erred in entering the amended judgment because: (1) it lacked jurisdiction to do so after it entered the original judgment in August 2023; (2) respondents did not make a motion to amend the judgment; (3) the court did not give Elmore an opportunity to be heard prior to entering the amended judgment; and (4) Elmore filed a Request for Dismissal of the entire case on September 13, 2023.

Second, he contends the amended judgment should not be in favor of Abbas Eftekhari, D.D.S. because Abbas Eftekhari, D.D.S. was not a defendant in the case, and should not include Quinn Nguyen in any monetary award because Elmore dismissed Nguyen from the case before the anti-SLAPP motion was filed.

Third, he contends the court erred in awarding court reporter fees because he had requested a free court reporter.

Fourth, he contends the trial court and its clerk were biased against him.

Finally, he contends the trial court admitted "guilt of unlawful collusion, corruption, conspiracy, racketeering, [and] moral turpitude."

We address each contention in turn.

### A. *The Court Had the Power to Enter the Amended Judgment*

"Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of

6

the notice of entry of judgment . . . ." (Cal. Rules of Court, rule 3.1700(a)(1).) "Any notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum." (*Id*. at rule 3.1700(b)(1).) "After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment." (*Id*. at rule 3.1700(b)(4).) There is no requirement that the prevailing party make a motion to amend the judgment to add the costs, nor a requirement that the court hold a hearing regarding entry of said amended judgment.

On August 7, 2023, the court entered judgment in respondents' favor and notice thereof was served on Elmore. This judgment, which Elmore did not appeal, provided that respondents "shall recover their costs as prevailing parties under C.C.P. § 1032, *et seq*."

On August 10, 2023, respondents filed a memorandum of costs, seeking $4,942.77. The record discloses no motion to strike or tax costs and Elmore does not claim he filed one. On August 31, 2023, more than 15 days after the memorandum of costs was filed, respondents submitted a proposed amended judgment. The only substantive difference between the original judgment and the amended judgment was that the amended judgment discussed the memorandum of costs and the expiration of the time to file a motion to strike or tax costs, and ordered Elmore to "pay costs of suit in the sum of $4,942.77" to respondents. The court entered this amended judgment in April 2024.

Elmore argues the court lost jurisdiction to enter the amended judgment after it entered the original judgment because "[o]nce a judg[]ment is entered, trial courts lo[]se jurisdiction to set aside or amend the judg[]ment except in accordance with

7

statutory procedures."  But, as outlined above, it appears that the judgment was entered in accordance with California Rules of Court, rule 3.1700.  Elmore fails to explain why a judgment entered pursuant to the California Rules of Court is not "in accordance with statutory procedures."

Elmore also states that "this entire case *Cecil Elmore v. Ted D. Conley, et al.*, Case 22STCV39872, was already dismissed in its entirety REQUEST FOR DISMISSAL on September 13, 2023 that was filed to the Court."  We note initially that, given the trial court's granting of respondents' anti-SLAPP motion prior to Elmore's filing of this request for dismissal, it is unclear whether Elmore was entitled to dismiss the action at all.  (See *M & R Properties v. Thomson* (1992) 11 Cal.App.4th 899, 903 ["a plaintiff's right to a voluntary dismissal is cut off as of the moment there is a ruling which effectively disposes of the case"].)

But we need not address this issue because, to the extent Elmore contends the court lacked jurisdiction to enter a judgment awarding costs in favor of respondents that Elmore dismissed, his contention is contradicted by the plain language of Code of Civil Procedure section 1032.  Section 1032 provides in pertinent part that a "prevailing party" includes "a defendant in whose favor a dismissal is entered" and that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subds. (a)(4) & (b).)  Inherent in the right to recover costs is the right to obtain a judgment for those costs.

Elmore fails to demonstrate the court erred in entering the amended judgment.[6]

### B.   *The Court Did Not Err in Entering Judgment in Favor of Abbas Eftekhari, D.D.S. or Quinn Nguyen*

Elmore objects to entry of judgment in favor of Abbas Eftekhari, D.D.S. and Quinn Nguyen, contending both should take nothing from him.  Elmore objects to entry of judgment in favor of Eftekhari because he claims that "Abbas Eftekhari, D.D.S., is **NOT** a Defendant on this case."  But as Elmore admits, in May 2023, he substituted "Abbas Eftekhari" as DOE 4 in his lawsuit.  Therefore, contrary to Elmore's assertion, Abbas Eftekhari was a defendant in this case.  To the extent Elmore makes the argument that he added "Abbas Eftekhari" as a defendant and the judgment was in favor of "Abbas Eftekhari, D.D.S.," Elmore provides no authority supporting the proposition that the addition of the professional degree after the name of a defendant voids the entry of judgment.  Elmore does not deny that Eftekhari was a prevailing party and, as such, Eftekhari is entitled to his costs.  (Code Civ. Proc., § 1032, subd. (b).)

Elmore objects to the award of costs to Nguyen because "Quinn Nguyen was dismissed from this lawsuit action without

---

[6] Elmore's case citations are inapposite.  (See *APRI Ins. Co. S.A. v. Superior Court* (1999) 76 Cal.App.4th 176, 178 [after entry of judgment, court lacks jurisdiction to reconsider its ruling granting motion to quash service of process]; *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1238 [amended judgment contrary to jury verdict was void because it was not entered in accordance with statutory procedures].)

prejudice on June 20, 2023." But a prevailing party includes "a defendant in whose favor a dismissal is entered," and a prevailing party is entitled to costs. (Code Civ. Proc., § 1032, subds. (a)(4) & (b).)

## C. *Elmore Forfeited Any Argument About the Award of Court Reporter Fees*

In his brief, Elmore points out that, on July 13, 2023, he filed a "Request for Court Reporter by Party with Fee Waiver" for the July 14 hearing on respondents' motion to strike. But at that hearing, the court appointed Jennifer Spee Fonseca as the court reporter for whom respondents paid $495. Although Elmore does not expressly make this argument, we assume he is contending that he should not be responsible for the cost of this court reporter when he had requested that a court reporter be provided without cost due to his fee waiver. Elmore has forfeited this argument for two reasons.

First, nothing in the record demonstrates he objected to the appointment of Fonseca as the court reporter. Elmore did not file his request for a free court reporter until a day before the hearing for which he needed her, and the form he filed expressly warned him that a request made fewer than ten days before the hearing could result in the lack of availability of a free court reporter. Although we recognize the possibility that Elmore may not have realized that Fonseca was a court reporter paid for by respondents (as opposed to being a court reporter provided by the court free of charge), without a record of the proceedings, we must presume that Elmore consented to Fonseca's appointment. (*Roberson v. City of Rialto* (2014) 226 Cal.App.4th 1499, 1507 [appellant "has a duty to provide an adequate record on appeal to support his claim of error. [Citation.] In the absence of an

10

adequate record, the judgment is presumed correct.  [Citation.]
'All intendments and presumptions are made to support the
judgment on matters as to which the record is silent' "].)  He
therefore is not entitled to raise an issue about her appointment
on appeal.  (*Cabatit v. Sunnova Energy Corp.* (2020) 60
Cal.App.5th 317, 322 ["If a party fails to raise an issue or theory
in the trial court, we may deem consideration of that issue or
theory forfeited on appeal"].)

Second, the cost for Fonseca was included in respondents'
memorandum of costs.  Nothing in the record demonstrates
Elmore ever moved to strike or tax those costs.  Elmore has
forfeited the issue for this reason as well.  (*Cabatit v. Sunnova
Energy Corp.*, *supra*, 60 Cal.App.5th at p. 322.)

### D.    *Elmore Fails to Demonstrate Bias or Prejudice*

Elmore claims that the court and its clerk "created a bias
and prejudice against Appellant/Plaintiff with the malicious
intent for Appellant/Plaintiff to have a disadvantage and not
prevail against Respondents/Defendants."  Specifically, he
contends that Conley's call to the court clerk constituted an
improper ex parte communication and that the clerk's
recommendation that Conley should submit a declaration
explaining the need for an amended judgment constituted
unauthorized legal advice, both of which prejudiced him.  We
presume Elmore is arguing that the trial court should not have
entered the amended judgment because the amended judgment
was signed as the result of an improper ex parte communication.

Elmore has forfeited this argument by failing to raise it
below.  (*Cabatit v. Sunnova Energy Corp.*, *supra*, 60 Cal.App.5th
at p. 322.)  Although Elmore complains that he was not
"promptly" informed of the call, Conley disclosed it in a

11

declaration filed with the court in November 2023. The court did not enter the amended judgment until April 2024. There is no record that Elmore raised any objections to the call in the intervening five months.

Moreover, Elmore fails to explain how he was prejudiced by the call. (See Cal. Const., art. VI, § 13 ["No judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].) Even were there something improper about Conley's call to the court clerk—a finding we do not make—the law is clear that respondents were entitled to their costs, and the amended judgment did nothing but quantify the costs the court had already awarded. And, as discussed above, the court did not enter the amended judgment for five months, giving Elmore ample time to file his own declaration or otherwise respond or object to Conley's declaration or to the proposed amended judgment. Elmore did not do so.

To the extent Elmore claims other instances of bias, he provides no examples and therefore forfeits the argument. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record"]; *ibid.* ["Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority"].)

12

**E.** *Elmore Fails to Demonstrate Any "Collusion, Corruption, Conspiracy, Racketeering, [or] Moral Turpitude"*

Elmore complains that, in the July 14, 2023 minute order "Judge Anne Richardson documented and filed that Respondent/Defendant Ted D. Conley deserves prevailing minimum wage. Appellant/Plaintiff states, Judge Anne Richardson documented that Respondent/Defendant Ted D. Conley are contracted and prevailing wage [*sic*] from the Government, Superior Court of California, County of Los Angeles - Stanley Mosk Courthouse. Appellant/Plaintiff states, prevailing wage [*sic*] are used in Government contracting and are required to be paid on public works projects and Federal funded or assisted service contracts. This is Judge Anne Richardson, [*sic*] direct admission of guilt of unlawful collusion, corruption, conspiracy, racketeering, moral turpitude against Appellant/Plaintiff Cecil Elmore and the case *Cecil Elmore v. Ted D. Conley, et al.*, Case 22STCV39872."

From what we understand of Elmore's argument, he contends the court admitted to collusion, corruption, conspiracy, racketeering, and moral turpitude by finding that Conley was entitled to attorney's fees, which Elmore describes as "prevailing minimum wage."[7] We reject this argument because Elmore does not explain—and we do not see—how such a finding would be evidence of any sort of collusion, corruption, conspiracy, racketeering, or moral turpitude.

---

[7] In its order granting respondents' anti-SLAPP motion, the court awarded a total of $7,180 in attorneys' fees and costs. The record does not disclose why this award was omitted in the judgments entered.

13

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.